IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS DEMORYA WILLIAMS, ) <br> Y-29657, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PEOPLE OF THE STATE OF ILLINOIS ) <br> CORRECTIONAL OFFICERS, ) <br> LT. HOBBS, <br> JOHN DOE 1, and <br> JOHN DOE 2, <br> <br> Defendants. | Case No. 18−cv−1738−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demetrius Demorya Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Dixon Correctional Center ("Dixon"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging he was the victim of excessive force when he was incarcerated at Shawnee Correctional Center ("Shawnee"). In connection with his claims, Plaintiff has named People of the State of Illinois Correctional Officers, Lt. Hobbs (Shawnee Lieutenant), John Doe 1 (Shawnee Correctional Officer), and John Doe 2 (Shawnee Correctional Officer) as defendants.[1]

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief

---

[1] According to the Complaint, on July 13, 2018, Officer Clayton (not a defendant in this action) and two unknown correctional officers assaulted Plaintiff. In his list of defendants, Plaintiff identifies two defendants as "Unknown C/O, Shawnee Correctional Center." For ease of reference, the Court has identified the two unknown correctional officers that allegedly assaulted Plaintiff on July 13, 2018 as John Doe 1 and John Doe 2.

from a defendant who is immune from suit.

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff flooded his cell on July 13, 2018. (Doc. 1, p. 6). Officer Clayton (not a defendant in this action) and two unknown Shawnee Correctional Officers (John Doe 1 and John Doe 2) responded to the incident. *Id.* The officers restrained Plaintiff with handcuffs and moved him to a second cell. *Id.* The officers then proceeded to beat Plaintiff by kicking him repeatedly. *Id.* When the officers returned Plaintiff to his cell, they kicked him again and called him a racial slur. *Id.* They also told him that if he talked, he would be the next Michael Brown. *Id.* Plaintiff claims that Officer Clayton was "the main one that helped the C/Os do what they did to [him]." *Id.*

## Dismissal of Certain Defendants

Plaintiff does not reference Lt. Hill in the statement of claim and does not associate him with a specific act of wrongdoing. As such, Lt. Hill will be dismissed from the Complaint without prejudice. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

"People of the State of Illinois Correctional Officers" will also be dismissed as defendants. To state a § 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Here, Plaintiff's attempt to implicate an amorphous collection of unnamed individuals in connection with his allegations is improper and insufficient to state a claim. For these reasons, People of the State of Illinois Correctional Officers will be dismissed from this action with prejudice.

Finally, the body of the Complaint directs allegations against Officer Clayton, but he is not identified as a defendant in the case caption or list of defendants. Accordingly, any claims Plaintiff intended to bring against this individual will be dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

**Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single Count for the *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this Count does not constitute an opinion regarding its merit.

**Count 1 –** Eighth Amendment claim against John Doe 1 and John Doe 2 for using excessive force against Plaintiff on July 13, 2018.

Plaintiff alleges that on July 13, 2018, two unknown Shawnee Correctional Officers (John Doe 1 and John Doe 2) assaulted him while he was handcuffed. The officers allegedly beat and kicked Plaintiff. Plaintiff also claims that they called him a racial slur and threatened him. These allegations are sufficient to survive screening, and Count 1 will receive further review. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009).

**Unknown Parties**

Shawnee's Warden, Jeff Dennison, will be added to the docket in his official capacity only to respond to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are

discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designation in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED**.[2] As Plaintiff does not describe his efforts, if any, to contact counsel, the Court cannot determine if he made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has completed high school and has some college education. He does not provide any other information about his ability (or lack thereof) to represent himself. As such, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff has some college education, and he has not identified any impediments that would prevent him from proceeding *pro se*. Further, his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 5) is **DENIED** as unnecessary. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** will proceed as to **JOHN DOE 1** and **JOHN DOE 2.**

**IT IS FURTHER ORDERED** that **PEOPLE OF THE STATE OF ILLINOIS CORRECTIONAL OFFICERS** is dismissed from the Complaint with prejudice, and **LT.**

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**HILL** is **DISMISSED** from the Complaint without prejudice.  The Court **DIRECTS** the Clerk of the Court to terminate these defendants as parties in CM/ECF.

The Clerk of the Court is **DIRECTED** to add **JEFF DENNISON** as a defendant in CM/ECF (official capacity only) to respond to discovery aimed at identifying the unknown defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **DENNISON** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants until Plaintiff has identified them by name in a properly filed Motion for Substitution of Parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 19, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**